IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE INEZ IBANEZ, ) | |
| ) | |
| *Plaintiff*, ) | No. 21 C 4336 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| HINES INTERESTS LIMITED ) | |
| PARTNERSHIP and JEFFREY C. HINES, ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM OPINION AND ORDER**

While working for Defendant Hines Interests Limited Partnership ("HILP") as a concierge, Plaintiff Michelle Inez Ibanez claims she suffered various forms of discrimination. HILP now moves to dismiss for failure to state a claim. (Dkt. 34). Because Ibanez's employment-discrimination claims are time-barred, HILP's motion to dismiss is granted.

**BACKGROUND**

Plaintiff Michele Inez Ibanez is a 55-year-old multi-racial woman who suffers from panic attacks, post-traumatic stress disorder, anxiety, and sensitivity to chemicals and fragrances. (Dkt. 20 at 13). From June 17, 2019 until February 12, 2020, Ibanez worked as a concierge for Defendant Hines Interests Limited Partnership ("HILP"). (*Id.*) Throughout her employment, Ibanez alleges she faced poor treatment because of her disabilities, sex, race, and age. To start, Ibanez told her supervisors that cleaning agents, chemicals, and perfumes caused her to suffer anxiety, panic attacks, and difficulty breathing. (*Id.*) But her supervisors did nothing to prevent unnecessary spraying of these cleaning chemicals near her workstation. (*Id.*) Although one coworker often "sprayed toxic chemicals and perfumes" near Ibanez, including on her personal belongings, her supervisors never intervened. (*Id.*)

1

Almost daily, Ibanez's coworkers directed "unwanted sexual and inappropriate remarks and sexual innuendos" at her. (*Id.*) On one occasion, a male coworker followed Ibanez around the workplace, "bombarding [her] with requests, dumping work on [her] that did not belong to [her], berating [her] in front of [her] colleague and guests, screaming at [her], slamming his office door and throwing [her] out of his office." (*Id.*) This behavior reduced Ibanez to tears. (*Id.*) Yet, Ibanez's report about this incident to her supervisor fell on deaf ears. (*Id.* at 14). Worse, within two weeks of her report, one supervisor tried to have Ibanez fired. (*Id.*)

In addition, Ibanez experienced different treatment because of her race. (*Id.*) While Ibanez's Black coworkers "treated other black women with respect, in a friendly manner," they did not extend that same courtesy to Ibanez. (*Id.*) One Black coworker "was extremely adversarial, unfriendly and disrespectful"—making "fat jokes and unfavorable body remarks" about Ibanez. (*Id.*) And a white coworker disrespected Ibanez by ignoring her and humiliating her in front of guests. (*Id.*) Several other coworkers made racial remarks or questioned Ibanez's race. (*Id.*) After Ibanez complained to her supervisors, they did nothing, and her coworkers' treatment worsened. (*Id.*)

To boot, Ibanez's younger coworkers "poked fun" at her age and treated her differently because of it. (*Id.*) Once, when Ibanez offered to help a younger employee move heavy packages, he said "I don't need your help[;] you're old and I'm young." (*Id.*) Another coworker repeatedly asked Ibanez about her age. (*Id.*) Ultimately, on February 12, 2020, HILP fired Ibanez. (*Id.* at 8).

On May 7, 2021, Ibanez filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of discrimination, harassment, and retaliation based on disability, race, sex, and age. (*Id.* at 2). Two weeks later, the EEOC sent Ibanez a notice of her right to sue, dismissing her charge as untimely. (*Id.* at 15).

2

In August 2021, Ibanez filed this employment-discrimination lawsuit against her former employer, Defendant Hines Interests Limited Partnership ("HILP"). (Dkt. 1). At the same time, she moved to proceed *in forma pauperis* and for attorney representation. (Dkts. 3, 4). The Honorable Robert M. Dow, who first presided over this case, granted Ibanez's *in forma pauperis* application based on her showing of indigence. (Dkt. 7 at 2). Yet, Judge Dow noted that Ibanez's initial complaint failed to identify what type of discrimination she faced, when it took place, and the actors involved. (*Id.*) Thus, Judge Dow directed Ibanez to amend her complaint to include that information and attach the charge of discrimination she filed with the EEOC. (*Id.* at 2–3). That additional detail and the EEOC charge, Judge Dow explained, were necessary to complete the requisite screening of her Complaint. (*Id.* at 3); *see* 28 U.S.C. § 1915(e)(2) (requiring courts, upon the filing of an *in forma pauperis* application to screen a plaintiff's complaint and dismiss the complaint if it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief"). By the same token, Judge Dow reserved ruling on Ibanez's motion for attorney representation. (Dkt. 7 at 3).

Ibanez filed an amended complaint in May 2022 but did not attach her EEOC charge. (Dkt. 11). After this case was transferred to this Court in October 2022, (Dkt. 13), the Court echoed Judge Dow's instruction and directed Ibanez to amend her complaint again with her EEOC charge attached. (Dkt. 17). Ibanez did so in January 2023. (Dkt. 20). Although Ibanez's operative Amended Complaint names several defendants in addition to HILP, she has served only HILP.

On October 20, 2023, HILP moved to dismiss Ibanez's operative Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 34). That same day, Ibanez acknowledged her receipt of an email from defense counsel alerting her to the motion to dismiss. (Dkt. 39 at 6). Five days later, on October 25, 2023, the parties filed a joint initial status

report. (Dkt. 38). Also that day, the Court ordered Ibanez to respond to HILP's motion to dismiss by November 8, 2023. (Dkt. 37). To date, she has not done so.

## **LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). The plaintiff "must allege 'enough facts to state a claim that is plausible on its face.'" *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 850 (7th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)).

In the discrimination context, a plaintiff "must advance plausible allegations that she experienced discrimination because of her protected characteristics." *Kaminski*, 23 F.4th at 776 (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021)); *see also Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015) (explaining that plaintiffs need only identify "the type of discrimination" they allegedly suffered, "by whom, . . . and when" (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010)). At this stage, the Court accepts the well-pleaded factual allegations in the plaintiff's complaint as true, drawing reasonable inferences in her favor. *KAP Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022) (citing *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016)). Further, the Court liberally construes the allegations in a *pro se* plaintiff's complaint. *Ebemeyer v. Brock*, 11 F.4th 537, 542 n.4 (7th Cir. 2021) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

4

## **DISCUSSION**

At the outset, HILP's reply brief suggests that Ibanez's failure to respond to its Rule 12(b)(6) motion to dismiss, on its own, warrants dismissal. (Dkt. 39 at 1). Not quite. As the movant, HILP bears the burden of showing that its motion should succeed. *See Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021). So the absence of a response does not require dismissal unless: "(1) the nonmovant's action evinces intent to abandon suit; (2) there is failure to prosecute; or (3) dismissal is a sanction for the nonmovant's action." *Id*. (citing *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000)). Although Ibanez may have waived certain arguments by failing to respond, the failure alone does not entitle HILP to victory. Without the benefit of a response, therefore, the Court turns to Ibanez's Amended Complaint.

Ibanez invokes 42 U.S.C. § 1983, (Dkt. 20 at 5), and HILP correctly observes that her allegations lack at least one essential ingredient of a § 1983 claim: action under color of state law. (Dkt. 35 at 3–4); *see Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) ("The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, 'no matter how discriminatory or wrongful.'" (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999))). Yet, in assessing a complaint—especially by a *pro se* plaintiff—the Court focuses on the factual allegations, not just the legal theories. *Armstrong v. Krupiczowicz*, 874 F.3d 1004, 1009 (7th Cir. 2017) (citations omitted); *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014). Other federal statutes prohibiting discrimination do not require state action, including Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). Ibanez invoked those three statutes in her EEOC charge, and her factual allegations may give rise to plausible claims under those statutes. Indeed, Ibanez's burden at this stage is low: she is not required to "plead a prima facie case of employment discrimination,"

nor allege facts to support every element she must eventually prove. *See Kaminski*, 23 F.4th at 777 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)); *see also Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 830 (7th Cir. 2014) ("The plaintiff is not required to identify similarly situated comparators at the pleading stage.").

Nonetheless, there is no need to reach the merits of Ibanez's employment-discrimination claims because her Complaint reveals a fatal timeliness problem. Before filing suit under the Title VII, the ADEA, or the ADA, a plaintiff must exhaust available administrative remedies, first, by filing a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice. *Riley v. Elkhart Cmty. Schs.*, 829 F.3d 886, 890–91 (7th Cir. 2016); 42 U.S.C. § 2000e-5(e)(1)) (Title VII); 29 U.S.C. § 626(d)(1)(B) (ADEA); 42 U.S.C. § 12117(a) (ADA). The clock starts on that 300-day limit "when the defendant has taken the action that injures the plaintiff and when the plaintiff knows she has been injured." *Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001) (citation omitted). If a plaintiff's complaint makes clear that she has failed to timely exhaust her administrative remedies, dismissal is proper. *See McHale v. McDonough*, 41 F.4th 866, 872 (7th Cir. 2022) (citing *Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009)). That is the case here.

Ibanez alleges that HILP fired her on February 12, 2020. (Dkt. 20 at 8, 13). In her EEOC charge, she claimed that she suffered discrimination between June 1, 2019, at the earliest, and February 1, 2020, at the latest. (*Id.* at 2). Even starting the clock on the later alleged termination date, her EEOC charge was due by December 8, 2020. *See Sharp*, 236 F.3d at 372. Yet, Ibanez did not file the charge of discrimination until May 7, 2021. (Dkt. 20 at 2, 15). That was five months too late. In case Ibanez can somehow demonstrate that she administratively exhausted her discrimination claims, the Court will give her the chance to do so. For now, though, she has pleaded

6

herself out of court. Thus, Ibanez's discrimination claims are dismissed without prejudice as time-barred.

## CONCLUSION

For the reasons above, HILP's motion to dismiss [34] is granted. Ibanez's Amended Complaint is dismissed without prejudice. If Ibanez can amend her complaint consistent with this Opinion, she may do so on or before February 6, 2024. Failure to file by that date will result in dismissal with prejudice. Information about litigating *pro se* is available at https://www.ilnd.uscourts.gov/judge-cmp-detail.aspx?cmpid=840.

Date: January 17, 2024

_____
Virginia M. Kendall
United States District Judge